IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BOULDER LICENSING LLC,<br>　　　*Plaintiff,*<br><br>v.<br><br>CINEMARK, INC., CINEMARK HOLDINGS, INC., and CINEMARK USA, INC.<br>　　　*Defendants.* | Case No. 6:21-cv-01114-ADA |

### DISCOVERY DISPUTE ORDER

The Court hereby resolves the following discovery dispute submitted by email.

### Requested Relief

**By Defendants:**

Cinemark is permitted to serve subpoenas, before fact discovery opens in this case, on any assignee of Magnolia Licensing LLC that has litigated a patent in U.S. District Court. The scope of the subpoenas will be limited to final settlement agreements in litigated matters, as well as related settlement correspondence exchanged by the parties or counsel thereto. Production of documents in response to any subpoenas shall not occur until fact discovery formally opens in this case following the *Markman* hearing.

**By Plaintiff:**

Cinemark's application to serve subpoenas prior to the opening of fact discovery be denied.

### Defendants' Position

Cinemark wishes to commence third-party discovery concerning certain comparable licenses.

The patents-in-suit were assigned to Boulder by Magnolia Licensing LLC. Magnolia Licensing has assigned other patents to a series of entities that have asserted those assets in litigation, including:

1. Bataan Licensing LLC
2. Benderloch Technologies LLC
3. Colonial Licensing LLC
4. Diatek Licensing LLC
5. Ember IP, LLC
6. Freetek Holdings LLC
7. Jade Licensing, LLC
8. Lamplight Licensing, LLC
9. Nandina Technologies LLC
10. Novar Licensing LLC
11. Scenic Licensing LLC
12. Sunflower Licensing LLC
13. Swipetech Licensing LLC
14. Tranquility IP LLC
15. Triumph IP LLC

It is our understanding these entities, plus Boulder, are affiliated with IP Edge LLC. *See* https://www.mondaq.com/unitedstates/patent/1100558/ip-edge-starts-litigating-its-former-technicolor-patents; https://www.ipwatchdog.com/2021/11/04/patent-filings-roundup-ip-edge-files-another-50-comprising-13-district-court-litigation-hawk-hit-declaratory-judgment-asserting-already-invalid-patent/id=139599/. We further understand these patents were acquired

in one 2020 transfer from Thomson Licensing S.A.S., d/b/a Technicolor. *See* https://legacy-assignments.uspto.gov/assignments/assignment-pat-53570-237.pdf

Cinemark intends to seek discovery of settlement agreements involving the above entities, and related correspondence, as they may be comparable licenses. A jury (and the Court) would likely find these agreements to be comparable given characteristics shared with this case, including (1) common ownership provenance based on the 2020 divestment by Thomson/Technicolor (who may be the *Georgia-Pacific* hypothetical licensor for certain patents-in-suit); (2) comparable technologies claimed in the asserted patents; and (3) overlapping present controlling entity (i.e., IP Edge).

On May 3 Cinemark inquired whether "Boulder . . . has sufficient possession/custody/control of these documents such that Boulder can and will produce them in this case as part of post-*Markman* party discovery. If not, please advise if Boulder would object to Cinemark issuing third-party subpoenas . . . with the condition that no documents would actually be produced until . . . following the *Markman* hearing." On May 27 Boulder responded that it "does not have possession, custody, or control of the documents" and is "not in favor of allowing discovery prior to the date set by the court, particularly in light of the lack of relevance of this topic."

In the likely event that the subpoenaed entities take a similar position as has Boulder concerning relevance, and further given that such settlement agreements commonly require notice to and/or consent from counterparties before they can be produced in litigation, Cinemark is concerned that enforcing these subpoenas may require more time than the fact-discovery period in this Court's default schedule would otherwise allow, and so wishes to put that process in motion as soon as possible. However, so as not to burden Boulder itself before the post-*Markman* opening

of fact discovery in this case, Cinemark would issue its subpoenas subject to the express instruction that no documents would be produced until fact discovery formally opens following the *Markman* hearing.

In sum, Cinemark's request is narrowly tailored to the claims and defenses at issue in this case; will not create any additional discovery burden for Boulder; and presents a reasonable basis for why extra time may be needed to enforce these subpoenas—thus justifying a minor departure from the Court's standard procedures concerning timing of fact discovery.

## Plaintiff's Position

Plaintiff, Boulder Licensing, opposes the unilateral opening of discovery proposed by Cinemark. Cinemark relies entirely on conjecture about how third-parties may respond to as-yet undrafted and unserved subpoenas as a basis for deviating from the Court's standard discovery schedule. There is no reason to conclude that the approximately eight months of fact discovery provided in the current scheduling order is insufficient to obtain discovery from third-parties as to merit a preemptive deviation from the Court's standard discovery practice.

Moreover, Cinemark has not established that the subject matter of the proposed subpoenas is relevant in any way. We have reviewed a random sampling of the 866 patent assets referenced in the assignment database document Cinemark relies on and see no basis to conclude that the patents owned by third-parties involve "comparable technologies claimed in the asserted patents," and Cinemark doesn't attempt to substantiate its claims to the contrary. (*See* https://legacy-assignments.uspto.gov/assignments/assignment-pat-53570-237.pdf).

Furthermore, Boulder is unaware of any precedent that licenses can be deemed comparable merely based on their prior common ownership. In any event, discussion of the relevance, or lack thereof, of the contemplated discovery is both speculative and premature. The Court-ordered

schedule contemplates that the parties are not required to invest time and effort into such issues at the pre-*Markman* stage, and Cinemark hasn't provided any compelling reason to deviate from the Court's usual practice.

### Resolution

Cinemark is concerned "that enforcing these subpoenas may require more time than the fact-discovery period in this Court's default schedule would otherwise allow." Cinemark has not explained why approximately eight months of fact discovery provided in the current scheduling order is insufficient to obtain discovery from third-parties as to merit a preemptive deviation from the Court's standard discovery practice.

It is hereby **ORDERED** that Cinemark's application to serve subpoenas prior to the opening of fact discovery is denied.

SIGNED this 9th day of June, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE